IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JONATHAN EDWARD DAVIS,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**JACOB BLAINE LILLY.,** *et al.***,** )<br>)<br>**Defendants.** )<br>) | Civil Action No.: 7:23-cv-152<br><br>By: Hon. Robert S. Ballou<br>United States District Judge |

### **MEMORANDUM OPINION**

Defendant Alisha Romain moves the court to dismiss this 42 U.S.C. § 1983 excessive force case against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Jonathan Edward Davis brought this suit against the New River Valley Regional Jail Authority, Superintendent Gregory Winston, and Officers Jacob Blaine Lilly and Alisha Romain, alleging that he was subjected to excessive force while a pretrial detainee at the Jail. I find that Davis's Complaint does not state sufficient facts to support a claim of excessive force against Defendant Romain, and **GRANT** her motion to dismiss.

**I.      Background**

On the evening March 15, 2022, Davis was a pre-trial detainee confined in the holding area along with approximately fifteen other pretrial detainees awaiting processing at the Jail in Dublin, Virginia.  The Jail was behind in processing individuals and many had been waiting in the holding area most of the day.  Jail employees, including Defendant Jacob Lilly were verbally abusing and insulting the detainees.

Defendant Lilly got into a verbal altercation with another pretrial detainee, Jacob Dylan

Green ("Green"), and threatened to "smack the tits off" of him.  Defendant Lilly approached Green and hit him, knocking him unconscious on the first punch.  Lilly got on top of Green and continued to hammer him with both fists.  Defendant Romain was present and did nothing to prevent Defendant Lilly's assault of Green.

Plaintiff Davis was present in the holding cell and made comments indicating that hitting Green was not right and asking Defendants Lilly and Romain why they were acting in that manner.

Defendant Lilly looked at Davis, and Defendant Romain walked towards Davis, grabbed him up from where he was sitting and threw him against the wall.  Defendant Romain tightened Davis's handcuffs such that it left a visible mark on his wrists.

Davis continued to advocate for himself and Green. Defendant Lilly joined Romain and they escorted Davis to another part of the jail where Lilly grabbed Davis and threw him against the wall.  Defendant Lilly threatened Davis that he would get the "same punishment" as Green, grabbed his belt and aggressively pulled it off, ripping his brand-new jeans and tearing three buttons off of his shirt.  Defendants Lilly and Romain continued to taunt and threaten Davis, saying things like "motherfucker, say one word and you'll be like that boy," and "your kids are not yours, their father is a black man," "snitches get stitches," etc.  Lilly and Romain finally calmed down and told Davis that "you know what Green did was wrong," "we are understaffed and have been here too long," "why did you have to get involved."  Defendant Lilly offered to pay one half of Davis's bond.  Davis eventually fell asleep and was able to make bond and leave the jail in the early morning hours of March 16, 2022. Davis alleges that he suffered bruising, abrasions, swelling and bloody wrists as a result of Defendant Lilly and Romain's actions.

Davis asserts claims under 42 U.S.C. § 1983 against Romain for excessive force in

violation of the Fourteenth Amendment and assault and battery. Dkt. 1. Romain moves to dismiss Davis's claims against her for failure to state a claim under Rule 12(b)(6). This motion has been fully briefed and the court heard oral argument.

## II. Discussion

### a. Standard of Review

#### i. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter. . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action")).

I accept all factual allegations in the complaint as true and draw all reasonable inferences in Davis's favor as the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of the cause of action"). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable actual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of

facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### b. § 1983 Claim - Excessive Force in Violation of the 14th Amendment

A pretrial detainee's claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008). The Due Process Clause protects a pretrial detainee from the use of force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535–39 (1979)). To prevail on an excessive-force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015). This inquiry must be made from the perspective of an officer on the scene and "turns on the 'facts and circumstances of each particular case.'" Kingsley, 576 U.S. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

A pre-trial detainee plaintiff need not show subjective intent. Id. Instead, as long as the force was used deliberately and not "accidentally or negligently," the analysis is purely objective. Id. "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id.; see also Coney v. Davis, No. 19-7438, 809 F. Appx 158, 159 (4th Cir. June 16, 2020). "This standard turns on the perspective of a reasonable officer and must account for the state's legitimate need to manage the correctional facility." Coney, 809 F. App'x at 159.

Factors that bear on the reasonableness of force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was

4

actively resisting." Kingsley, 576 U.S. at 397. A plaintiff must demonstrate that the officer used a "nontrivial" amount of force, but violation can occur even if that force did not cause serious injury. Fletcher v. Dykes, No. TDC-17-0914, 2018 WL 3785143, at *5 (D. Md. Aug. 9, 2018) (citing Wilkins v. Gaddy, 559 U.S. 34, 39 (2010)).

The claim must rise above negligence: "[a]s we have stated, 'liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" Kingsley, 576 U.S. at 396 (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 834 (1998)).

Here, Romain argues that her actions, as alleged by and taken in the light most favorable to Davis, were not objectively unreasonable given the surrounding facts and circumstances. The Complaint includes two specific uses of force by Romain: (1) that Romain "walked towards [Davis] and grabbed him up from where he was sitting and threw him against the wall" and (2) "tightened [his] handcuffs so much that it left a visible mark on his wrists." Compl. ¶ 14.

Reviewing these facts from the perspective of an officer on the scene with the circumstances of this particular case, they are insufficient to state a claim of excessive force under the Fourteenth Amendment. As alleged by Davis, the circumstances preceding the use of force involved approximately fifteen pretrial detainees in a holding cell for many hours. A physical altercation began in that same holding cell between an officer and another pretrial detainee. Davis called attention to himself by saying that "something needs to be done, that this is not right, and asked why Defendants Lilly and Romain were acting that way." Considering these facts and the overall situation, Romain's action of grabbing Davis from a sitting position and throwing him against the wall is not an objectively unreasonable use of force. "This standard turns on the perspective of a reasonable officer and must account for the state's legitimate need to manage the correctional facility." Coney, 809 F. App'x at 159; see Wilkins v. Gaddy, 559

U.S. 34, 38–39 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) ("[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'")  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396–97 (1989).  Here, the circumstances reflect a volatile situation with an ongoing altercation between an officer and a pretrial detainee in the holding cell, and a second pretrial detainee (Davis) speaking up against the officers.  It was reasonable for Romain to believe there was an ongoing security problem and to perceive Davis as a potential threat.

     Davis also does not allege a specific injury resulting from Romain's push into the wall. The Complaint asserts that Davis suffered "serious injuries of bruising, abrasions, swelling, and bloody wrists" (Compl. ¶ 36) but does not specify which, if any, of those injuries were caused by Romain's actions. While injury is not a required factor in an excessive force claim, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. at 38–39 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).  The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 40. The facts and circumstances here, even taken in the light most favorable to Davis, reflect a situation where Romain used a minimal amount of force in furtherance of a legitimate need to manage the jail and maintain or restore discipline.

     Regarding handcuffs, Davis was already in handcuffs prior to the incident, and there is no suggestion that the use of handcuffs was improper, as Davis was a pretrial detainee in a holding cell at the Jail.  The only question is whether it was objectively unreasonable for Romain to

tighten Davis's handcuffs such that they left a visible mark.

When reviewing claims involving unduly tight handcuffs, courts look for complaints by the detainee regarding the handcuffs that the officer ignored, and evidence that the handcuffs caused injury. "In some circumstances, unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight." Karn v. PTS of America, LLC, 590 F. Supp. 3d 780, 819–20 (D. Md. 2022). Further, in Cooper v. City of Virginia Beach, Va., the district court noted that "the presence, nature, and extent of any resulting injury constitute important elements in the reasonableness calculus" of the constitutionality of the use of handcuffs. 817 F. Supp. 1310, 1314–15 (E.D. Va. 1993) (citing cases). Likewise, in Geba v. Norris, the court considered a Fourth Amendment excessive force claim and noted that relevant case law collectively indicates that forceful handcuffing, coupled with significant injury, may constitute excessive force in violation of the Fourth Amendment. No. 2:14cv612, 2016 WL 8730898, at *6–7 (E.D. Va. Apr. 4, 2016).

Here, there is no allegation that Davis gave any indication to Romain that his handcuffs were overly tight. He does not allege that he made any statements, complaints or put Romain on notice of an issue with his handcuffs. There is also little information regarding the extent of any injury from the handcuffs. The Complaint states that the handcuffs "left a visible mark on his wrists," (Compl. ¶ 14) and later that he suffered "serious injuries of bruising, abrasions, swelling, and bloody wrists." Compl. ¶ 36. Davis does not specify which of those injuries are attributable to Romain's conduct; although the court can infer that the bloody wrists are related to the handcuffs.

Overall, Romain's tightening of Davis's handcuffs when he was speaking out in a

holding cell with fourteen other pretrial detainees, while a physical altercation was taking place between an officer and a pretrial detainee in the same holding cell, with no indication from Davis that the handcuffs were too tight and no specific resulting injury alleged, does not rise to the level of a constitutional violation.[1] Compare Halter v. Hanlon, No. 7:20cv193, 2022 WL 4594565, at *5 (W.D. Va. Sept. 30, 2022) (No excessive force where the officer removed the handcuffs just over a minute after being told they were too tight, and where plaintiff alleged nerve damage but there is no evidence of significant pain or medical attention required) with Karn v. PTS of America, LLC, 590 F.Supp.3d 780, 819–20 (D.Md. 2022) (Analyzing Fourteenth amendment claim of pretrial detainee, court allowed claim of excessive force where plaintiff was tightly restrained for a day, he requested relief repeatedly, and he had visible injuries on his hands.)

    c.    **Bystander Liability**

The parties disagree as to whether Davis's Complaint properly raises a claim of bystander liability against Romain. Davis argues that his allegations that Romain was present when Defendant Lilly assaulted him and did not take any action to prevent or stop Lilly adequately state a claim for bystander liability. Romain asserts that the facts of Davis's Complaint are insufficient to state a claim for bystander liability or to put her on notice that such a claim was being asserted. Assuming the allegations in the Complaint sufficiently place Romain on notice of Davis's bystander liability claim, I find the alleged facts insufficient to state a claim.

A correctional officer may be liable on a theory of bystander liability if the officer: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. Peyton v. Clark, No. 7:12cv481,

---

[1] Because I find that Davis does not state a claim that Romain violated his constitutional rights, I need not address Romain's argument that she is entitled to qualified immunity.

2014 WL 4657802, at *5 (W.D. Va. Sept. 16, 2014) (citing Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002)). A plaintiff must prove a violation of a constitutional right as a prerequisite to establishing bystander liability. Id.

Here, Davis alleges that Romain "participated in Defendant Lilly's beating of Plaintiff Davis by taunting Plaintiff Davis and by failing to take any action to prevent or stop Defendant Lilly's beating of Plaintiff Davis." Compl. ¶ 36. Regarding Lilly's actions, Davis alleges that Lilly "grabbed [Davis] and threw him against the wall. Defendant Lilly also threatened [Davis], stating that he would get the 'same punishment' as Green, or words to that effect. Defendant Lilly then grabbed [Davis's] belt and aggressively pulled it off, ripping his brand-new jeans and tearing three buttons off of his shirt." Compl. ¶ 16.

These facts, standing alone, do not establish that Romain knew that Officer Lilly was violating Davis's constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act. Davis's conclusory statements that Romain was present and failed to intervene, without specific factual support, are insufficient to state a claim of bystander liability. Wiggins v. Quesenberry, 222 F. Supp. 3d 490, 501 (E.D. Va. 2016). In Wiggins, the court granted a motion to dismiss a bystander liability claim, noting that plaintiff did not allege the distance that the defendant stood from plaintiff, the amount of time during which the incident occurred, or whether defendant was even watching plaintiff's interaction with the offending officer. Id. at 501. The court noted that "close proximity" to an officer who is violating an individual's constitutional rights is not the standard to plead bystander liability. Id.

Likewise, here, Davis does not allege what distance Romain was standing from Defendant Lilly when he used force on Davis, nor does he specify the amount of time during which Lilly threw Davis against the wall and aggressively removed his belt. There is no

9

indication that Romain should have anticipated the assault by Lilly, or that it continued for a sufficient length of time such that she had the opportunity to prevent it.  See North Carolina ex rel. Hailey v. Westmoreland, 267 F. Supp. 2d 497 (M.D.N.C. 2003) (Finding no bystander liability claim where violence occurred without warning and was very brief in nature, too brief for bystander to have reacted and stopped other officer.)

    d.    **Assault and Battery:**

Davis's assault and battery claim against Romain is subsumed within the federal excessive force claim, and will also be dismissed.  See Martin v. Seabolt, 1:21cv906, 2023 WL 3074718, at *21 (M.D.N.C. Apr. 25, 2023) (A state law claim for assault and battery rises or falls with a plaintiff's Section 1983 excessive force claim when those claims involve the same alleged conduct.)  "The court finds ample authority indicating that plaintiff's claims of gross negligence, battery, and assault 'rise or fall' with his excessive force claim."  Johnson v. Department of Alcoholic Beverage Control, No. 3:15cv55, 2016 WL 7235836, at *7 (W.D. Va. Dec. 13, 2016) (collecting cases).

    **III.**    **Conclusion**

For the foregoing reasons, I will **GRANT** Defendant Romain's motion to dismiss Davis's claims against her (Dkt. 27) without prejudice, and dismiss her as a defendant in this case.  An Order will follow.

Entered:  October 10, 2023

*Robert S. Ballou*
Robert S. Ballou
United States District Judge